UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                          |   |                               |
|--------------------------|---|-------------------------------|
| DEVON DEAN,              | : |                               |
|    Plaintiff, | : | CASE NO. 3:18-cv-1861 (KAD) |
|                          | : |                               |
|    v.     | : |                               |
|                          | : |                               |
| IOZZIA, et al.           | : |                               |
|    Defendants. | : |                          |
|                          | : |                               |

**ORDER DENYING MOTION TO ALTER JUDGMENT [ECF 54]**

Plaintiff Devon Dean ("Dean"), currently incarcerated at MacDougall-Walker

Correctional Institution in Suffield, Connecticut, filed this action asserting an excessive use of

force claim against several correctional staff.  On January 23, 2020, the Court granted the

defendants' motion for summary judgment on the ground that Dean failed to exhaust his

administrative remedies.  On February 5, 2020, Dean filed a motion to alter judgment pursuant to

Federal Rule of Civil Procedure 59(e).  For the following reasons, the motion is DENIED.

**Standard of Review**

Federal Rule of Civil Procedure 59(e) "permits a court to 'alter or amend judgment to

correct a clear error of law or prevent manifest injustice.'"  *ING Glob. V. United Parcel Serv.

Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co*.,

539 F.3d 135, 153 (2d Cir. 2008)). "Rule 59(e) covers a broad range of motions, including

motions for reconsideration...." *Association. for Retarded Citizens of Conn. v. Thome*, 68 F.3d

547, 553 (2d Cir. 1995).  However, Rule 59 may not be used to relitigate issues, present the case

under new theories, secure a rehearing on the merits, or otherwise take a "'second bite at the

apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quotation marks and citation omitted). "The 'narrow aim' of Rule 59(e) is 'to make clear that a district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir. 1991) (citation omitted). A motion to alter or amend judgment is an "extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (citations and quotations omitted).

The standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (articulating the standard in the context of a Rule 59(e) motion). Thus, a Rule 59(e) motion is not the proper vehicle for a litigant dissatisfied with the court's ruling to reargue the same points that were previously raised and rejected. *See Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1985).

**Discussion**

The Court granted the defendants' motion for summary judgment on the ground that Dean failed to exhaust his administrative remedies before commencing this action. Doc. No. 52.

Dean acknowledges as much but nonetheless contends that he was unable to properly oppose the motion for summary judgment because he was denied access to the video surveillance footage of the housing unit that would have shown the use of force. He asks the Court to obtain and review the surveillance footage and reconsider the decision on that basis. Doc. No. 54 at 9.

It is correct that in his opposition to the motion for summary judgment Dean asserted that he had not been provided access to the requested surveillance footage. *See, e.g.*, Pl.'s Mem., Doc. No. 50 at 32 ¶ 47. And if the Court had reached the merits of the excessive force claim, the failure to give Dean access to the surveillance footage of the incident may well have impacted the Court's decision and could be a reason for the Court to revisit that decision. However, the Court did not reach the merits of Dean's claims. Thus, the fact that he did not have access to the surveillance footage did not affect the Court's decision and is not a basis upon which to revisit that decision.

In his motion, Dean also repeats his argument that he was not required to file a level 2 grievance appeal when he did not receive a response to his level 1 grievance. The Court considered and rejected this argument. A motion to alter judgment is not the proper vehicle to relitigate arguments previously rejected. As Dean has not identified any controlling decisions or relevant data the Court overlooked, the motion is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of March 2020.

_____/s/_____
Kari A. Dooley
United States District Judge